IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

EDWIN A. PÉREZ-MARTY,

    Plaintiff,

    v.

COMMISSIONER OF SOCIAL SECURITY,

    Defendant.

Civil No. 12-1999 (BJM)

**OPINION AND ORDER**

Plaintiff Edwin A. Pérez-Marty III ("Pérez") seeks judicial review of the decision of the defendant, the Commissioner of Social Security ("Commissioner"), finding that Pérez is not entitled to disability benefits under the Social Security Act (the "Act"), 42 U.S.C § 423, as amended. (Docket No. 1). Pérez filed a memorandum of law in support of his position. (Docket No. 16). Pérez asks for judgment to be reversed and an order awarding disability benefits, or in the alternative to remand the case to the Commissioner for further proceedings. The Commissioner answered the complaint (Docket No. 9) and filed a memorandum. (Docket No. 17). This case is before me on consent of the parties. (Docket No. 4, 5). After careful review, the Commissioner's decision is vacated and remanded for proceedings consistent with this opinion.

**LEGAL STANDARD**

The court's review is limited to determining whether the Administrative Law Judge ("ALJ") employed the proper legal standards and focused facts upon the proper quantum of evidence. Manso-Pizarro v. Secretary of Health and Human Servs., 76 F.3d 15, 16 (1st Cir. 1996). The ALJ's findings of fact are conclusive when supported by substantial evidence, 42 U.S.C. § 405(g), but are not conclusive when derived by ignoring evidence, misapplying the law, or judging matters entrusted

to experts. Nguyen v. Chater, 172 F.3d 31, 35 (1st Cir. 1999); Ortiz v. Secretary of Health and Human Servs., 955 F.2d 765, 769 (1st Cir. 1991). The court "must affirm the [Commissioner's] resolution, even if the record arguably could justify a different conclusion, so long as it is supported by substantial evidence." Rodriguez-Pagan v. Secretary of Health and Human Servs., 819 F.2d 1, 3 (1st Cir. 1987). Written reports submitted by non-examining physicians who merely reviewed the written medical evidence are not substantial evidence, although these may serve as supplementary evidence for the ALJ to consider in conjunction with the examining physician's reports. Irizarry - Sanchez v. Comm'r of Soc. Sec., 253 F.Supp. 2d 216, 219 (D.P.R. 2003). The burden is on the claimant to prove that he is disabled within the meaning of the Social Security Act. See Bowen v. Yuckert, 482 U.S. 137, 146-147, n.5 (1987). A claimant is disabled under the Act if he is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). A claimant is unable to engage in any substantial gainful activity when he "is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy."[1] 42 U.S.C. § 423(d)(2)(A). In determining whether a claimant is disabled, all of the evidence in the record dating must be considered. 20 C.F.R. § 404.1520(a)(3).

    A five-step sequential evaluation process must be applied to every case in making a final determination as to whether a claimant is disabled. 20 C.F.R. § 404.1520; see also Bowen, 482 U.S.

---

[1] The phrase "work which exists in the national economy" means "work which exists in significant numbers either in the region where such individual lives or in several regions of the country." 42 U.S.C. § 423 (d)(2)(A).

**Pérez-Marty v. Commissioner of Social Security**                                                                                             Page 3
**Civil No. 12-1999 (BJM)**

at 140-42; Goodermote v. Secretary of Health and Human Servs., 690 F.2d 5, 6-7 (1st Cir. 1982). In step one, the ALJ determines whether the claimant is engaged in "substantial gainful activity." If he is, disability benefits are denied. 20 C.F.R. § 404.1520(b). If he is not, the ALJ proceeds to step two, and determines whether the claimant has a medically severe impairment or combination of impairments. 20 C.F.R. § 404.1520(c). If the claimant does not have a severe impairment or combination of impairments, the disability claim is denied. However, if the impairment or combination of impairments is severe, the evaluation proceeds to the third step, in which it is determined whether the claimant has an impairment equivalent to a specific list of impairments that the Commissioner acknowledges are so severe as to preclude substantial gainful activity. 20 C.F.R. § 404.1520(d); 20 C.F.R. pt. 404, subpt. P, App. 1. If the impairment meets or equals one of the listed impairments, the claimant is conclusively presumed to be disabled. If the impairment is not one that is conclusively presumed to be disabling, the evaluation proceeds to the fourth step, where the ALJ determines whether the impairment prevents the claimant from doing the work he has performed in the past. If the claimant is able to perform his previous work, he is not disabled. 20 C.F.R. § 404.1520(e). If the claimant cannot perform this work, then the fifth and final step of the process asks whether the claimant is able to perform other work in the national economy in view of his residual functional capacity ("RFC"), as well as age, education, and work experience.[2] If the claimant cannot, then he is entitled to disability benefits. 20 C.F.R. § 404.1520(f).

      The claimant has the burden, under steps one through four, of proving that he cannot return to his former employment because of the alleged disability. Santiago v. Sec'y of Health and Human

---

[2] An individual's residual functional capacity is his ability to do physical and mental work activities on a sustained basis despite limitations from his impairments. 20 C.F.R. § 404.1520(e) and 404.1545(a)(1).

**Pérez-Marty v. Commissioner of Social Security**  Page 4
**Civil No. 12-1999 (BJM)**

Servs., 944 F.2d 1, 5 (1st Cir. 1991). Once a claimant has demonstrated a severe impairment that prohibits return to his previous employment, the Commissioner has the burden, under step five, to prove the existence of other jobs in the national economy that the claimant can perform. Ortiz v. Sec'y of Health and Human Servs., 890 F.2d 520, 524 (1st Cir. 1989).

## FACTUAL AND PROCEDURAL BACKGROUND

Pérez was born on August 28, 1975, completed high school, and worked as a cook, glass man (windows installation), and handyman. Pérez claims to have been disabled since September 9, 2009 (alleged onset date) due to a back injury. He applied for a period of disability and disability insurance benefits on July 8, 2010, and last met the Social Security Administration's ("SSA") insured status requirements on September 30, 2010 (date last insured). He did not engage in substantial gainful activity during this period. He was thirty-five years old on the date last insured. (Transcript ["Tr."] 22, 24, 30, 41, 71-84, 352-353, 371, 382).

Pérez was treated through the State Insurance Fund ("SIF") from September 9, 2009 to June 4, 2012.[3] On September 9, 2009, the nurse at the immediate care unit reported that Pérez walked without difficulty, was administered an intramuscular gluteal injection, and was referred to an occupational physician. He began treatment with medications. On October 14, 2009, Dr. Eduardo

---

[3] The ALJ noted in the decision that there is medical evidence that was not considered because they refer to conditions after Pérez's date last insured. (Tr. 26). A claimant is not entitled to disability benefits unless he can demonstrate that his disability existed prior to the expiration of his insured status. Cruz Rivera v. Sec'y of Health & Human Servs., 818 F.2d 96, 97 (1st Cir. 1986) (per curiam) (citations omitted). Thus, incidents that occurred after the date last insured cannot be used by a claimant to prove the extent of his disability. Miranda-Monserrate v. Barnhart, 520 F. Supp. 2d 318, 330 (D.P.R. 2007). Even so, medical evidence generated after the expiration of insured status may be considered, as it may shed light on the question of whether a claimant's impairments reached disabling severity before the insured period expired. Nieves-Velez v. Comm'r of Soc. Sec., 2010 WL 174883, at *5 (D.P.R. Jan. 12, 2010) (citing Deblois v. Sec'y of Health & Human Servs., 686 F.2d 76 (1st Cir. 1982)).

Martínez diagnosed lumbar strain and herniated nucleus pulposus. At physical therapy evaluations on October 27 and November 4, 2009, although he felt pain, he was observed walking without difficulty, with normal gait, and good postural responses (seated/walking/standing). He had moderate muscle spasms, but no edema, atrophy, contracture, or deformity. His muscle tone was normal, and his sensation was not affected. From January to July 2010, although he was walking without difficulty, he was showing signs of loss of strength and movement in the lower extremities. By August 2010, he was walking with difficulty and using a cane. On October 14, 2010, a psychologist diagnosed major depression. On January 24, 2011, Dr. Alberto Rodríguez, upon referral by the SIF for a psychiatric evaluation, diagnosed major depression, and began psychiatric treatment and medications. By April 2011, he had movement limitations and loss of strength in the lower extremities, and was referred to a pain clinic. (Tr. 142-224, 235-242, 244-245, 254, 474-477, 484-549, 563-569, 579-587).

Pérez was treated by Dr. José Román at the auspices of the SIF from August 17, 2010 to September 1, 2011. On February 18, 2011, Dr. Román reported to the SSA in a lumbar RFC assessment form that Pérez suffered from lumbar discogenic disease which produced severe lower back pain that radiated to his extremities and reduced his range of motion, an abnormal gait, sensory loss, reflex changes, tenderness, crepitus, swelling, muscle spasm/atrophy/weakness, and impaired sleep. Pérez also suffered from depression and anxiety, which affected his physical condition. Dr. Román treated Pérez with medications and physical therapy. He assessed that Pérez could sit for ten minutes at one time, stand for fifteen minutes at one time, and sit/stand/walk for less than two hours in an eight-hour work day. Pérez needed a job that would allow him to take unscheduled breaks and shift positions at will from sitting, standing or walking. He could not lift and carry less than ten

pounds, or twist, stoop, crouch/squat, or climb ladders, and could rarely climb stairs. He had significant limitations with reaching, handling, or fingering. Pérez's condition constantly interfered with his ability to pay attention and concentrate at work. He would likely be absent more than four days per month. Dr. Román assessed that Pérez was impaired to do any job. (Tr. 24, 136-141, 225-234, 478-483, 570-578).

The case was referred to Dr. Samuel Méndez for a consultative neurological evaluation, performed on September 13, 2010. He diagnosed chronic lumbalgia, and lumbosacral syndrome. Pérez had adequate motor bulk, no atrophy or spasms, and tender lumbar paraspinal muscles. He had full strength (5/5) symmetrically on all extremities, except for slightly limited (4/5) psoas muscle strength (in his lower extremities) due to pain. Pérez used a cane (which he held with his right hand) but did not depend on it for walking. His gait was antalgic, with a rigid spine and no foot drop or limping. The spine's lumbar region range of motion was affected (right positive at sixty degrees), but there were no marked degenerative changes as per a roentgenological consultation of the cervical and lumbar spine performed by Dr. Ángel Colón, also on September 13. Pérez had no hand function limitations, with full muscle strength and ability on both hands. (Tr. 122-130). On October 26, 2010, Dr. Moisés Acevedo performed a roentgenological consultation on Pérez's right hip and knee, and reported that there were no significant findings. (Tr. 131, 463).

The case was also referred to Dr. Magda Rodríguez, internist, for a medical non-examining consultation. On November 30, 2010, she prepared a physical RFC assessment. Pérez could occasionally and frequently lift and/or carry ten pounds, stand and/or walk for at least two hours and sit for less than six hours in an eight-hour workday, and do unlimited pushing and/or pulling. As to sitting, Dr. Rodríguez specifically assessed that Pérez could sit for up to four hours on a sustained

basis with the usual working rest periods in order to avoid pain exacerbations. As to postural limitations, he could not climb a ladder/rope/scaffold, but could occasionally climb a ramp or stairs, stoop, kneel, crouch, and crawl. He had no environmental limitations, except that he should avoid even moderate exposure to work hazards, such as machinery and heights. (Tr. 453-462, 464-473)

The Regional Commissioner denied Pérez's application on December 2, 2010. (Tr. 22, 63-66, 264, 269-272, 444-452). Pérez requested reconsideration of the Regional Commissioner's decision on January 31, 2011. (Tr. 273-278). The case was referred to Dr. Florentino Figueroa, internist, who found no new evidence to support a change in the RFC assessment prepared by Dr. Rodríguez. (Tr. 550-551). His request was denied on April 26, 2011. (Tr. 22, 67-68, 265).

On May 23, 2011, Pérez requested a hearing by an ALJ. (Tr. 21, 279-281). The hearing was held on September 15, 2011. (Tr. 37-55). A vocational expert ("VE"), Dr. Héctor Puig, testified. The ALJ posed three hypothetical questions to the VE. The first question was whether a person with the claimant's same work experience, age, and vocational academic profile and who has the following abilities and limitations could perform past work: (1) able to occasionally and frequently lift and carry ten pounds, (2) able occasionally keep his balance, crouch or kneel, (3) able to remain standing and walking for two hours, (4) able to remain seated for less that six hours, (5) has to alternate positions frequently, (6) cannot push, pull, or climb stairs/rope/scaffolds, and (7) has no environmental limitations but cannot be around work hazards such as unprotected heights or drive a commercial vehicle. The VE testified that a person that can only sit for less than six hours, stand for two, and that has to alternate positions due to discomfort would not be able to perform past work or any other work in the national economy because it would affect his ability to maintain quality and quantity in a sustained way during an eight-hour work-day. (Tr. 48-49).

**Pérez-Marty v. Commissioner of Social Security**                                                                                         Page 8
**Civil No. 12-1999 (BJM)**

The second hypothetical question was whether a person with the claimant's same work experience, age, and vocational academic profile and the following abilities and limitations could perform past work: (1) able to occasionally lift ten pounds, (2) able to remain seated for six hours with alternate periods of standing or sitting as needed, (3) able to walk two hours, (4) can occasionally climb ramps and ladders, but cannot climb ropes, stairs, or scaffolds, (5) occasionally keep his balance, crouch, and kneel, (6) cannot push or pull, (7) has no environmental limitations but cannot work next to hazardous machinery, and (8) can work a job limited to simple, routine, repetitive tasks with simple decision-making, and few work changes.  For the third hypothetical question, the ALJ added to the second hypothetical question the ability to have occasional contact with coworkers, supervisors, and the public, but cannot work in extreme cold temperature. For both questions, the VE answered that such a person would be able to perform sedentary work, such as sorter, order clerk, and office support worker, but not past work.  (Tr. 50-52).

Counsel for the claimant asked if the person described in the second hypothetical questions who also has trouble maintaining concentration and attention for long periods of time due to his emotional condition and pain would be able to perform those jobs.  The VE answered that he would not be able to work in those jobs because it would be hard to achieve quality and quantity in a sustained way.  Counsel also asked whether a person who is absent more than four times a month because of his condition be able to work.  The VE answered that such a person would surpass the industry's absence tolerance.  (Tr. 53-55).

The ALJ issued a written decision on October 3, 2011, finding that Pérez was not disabled under sections 216(i) and 223(d) of the Act. (Tr. 16-36).  The ALJ found that Pérez had the following severe impairments: lumbosacral syndrome, degenerative disc disease at the L5-S1 level,

bulging disk and stenosis a the lumbar and L5-S1 levels, obesity, and a moderate depressive disorder with anxiety. (Tr. 24). The ALJ adopted Dr. Rodríguez and Dr. Figueroa's RFC assessment, and determined that Pérez had the RFC to perform sedentary, unskilled, simple, routine work activity that allowed him to sit and stand as necessary during the workday, and did not require prolonged standing and walking, climbing ladders/ropes/scaffolds, balancing, frequent stooping, kneeling, occasional crouching and crawling occasionally, exposure to work hazards, and or following and executing complex instructions. (Tr. 26, 28-29). The ALJ found that Pérez was unable to perform past relevant work, but that considering his age, education, work experience, and RFC, there were a significant number of jobs in the national economy that he could perform. (Tr. 30-31).

On October 15, 2012, the Appeals Council denied Pérez's request for review of the ALJ's decision. (Tr. 1-15). Pérez appealed the ALJ's decision as the Commissioner's final decision.

## DISCUSSION

This court must determine whether there is substantial evidence to support the ALJ's determination at step five in the sequential evaluation process contained in 20 C.F.R. § 404.1520 that based on Pérez's age, education, work experience, and RFC, there was work in the national economy that he could perform, thus rendering him not disabled within the meaning of the Act. In this case, the ALJ used a VE to determine whether substantial gainful activity existed in the national economy that Pérez could have performed. Pérez argues that the ALJ did not deploy the correct legal standards because the ALJ posed a hypothetical question to the VE that did not include all of his limitations as reported in the medical records. Specifically, Pérez claims that although Dr. Rodríguez assessed that he could sit for less than six hours, the ALJ posed in the hypothetical question the capacity to sit for six hours, and the record therefore does not support a finding that he

was able to complete the requirements of an eight-hour workday. The Commissioner argues that there is substantial evidence in the record to support the ALJ's decision that Pérez is not entitled to disability benefits and requests that his decision be affirmed.

The VE's testimony is relevant to the inquiry insofar as the hypothetical questions posed by the ALJ to the VE accurately reflect the claimant's functional work capacity. See Arocho v. Sec'y of Health and Human Servs., 670 F.2d 374, 375 (1st Cir. 1982). A proper hypothetical question is one that "incorporates reasonably all disabilities of the claimant recognized by the ALJ, which "accurately reflects all of [the claimant's] impairments and the degree of their severity." Bowling v. Shalala, 36 F.3d 431 (5th Cir.1994). In other words, a VE's testimony must be predicated on a supportable RFC assessment. See 20 C.F.R. § 404.1520(g)(1).

Although the ALJ adopted the physical RFC assessments provided by Dr. Rodríguez and Dr. Figueroa, the ALJ found that Pérez had the RFC to perform sedentary, unskilled, simple, routine work activity that allowed him to sit and stand as necessary during the workday, and did not require prolonged standing and walking. Sedentary work requires lifting no more than ten pounds at a time, sitting for at least six hours out of an eight-hour work day, occasional walking and standing for no more than about two hours a day, and good use of the hands and fingers for repetitive hand-finger actions. 20 C.F.R. § 404.1567(a) & (b); SSR 83-10. Dr. Rodríguez, non-examining consultant, assessed that Pérez could lift ten pounds, sit for less than six hours in an eight-hour workday and up to four hours on a sustained basis, and walk and stand for at least two hours a day. Dr. Rodríguez's assessment falls within the definition of sedentary work, except for the inability to sit for at least six hours (as she assessed that Pérez could sit for less than six hours). I also note that Dr. Román, treating physician, assessed that Pérez could sit, stand, and/or walk for less than two hours in an

eight-hour work day, and that he needed a job that would allow him to take unscheduled breaks and shift positions at will. There is also some evidence from the SIF record that from January to July 2010 (dates prior to the date last insured), although he was walking without difficulty, he was showing signs of loss of strength and movement in the lower extremities. The problem here is that it is not clear from the record whether a person that can sit for less than six hours can comply with the sedentary work's sitting requirement.

The first two hypothetical questions that the ALJ posed to the VE differ from each other in the amount of time a person is able to sit. The person in the first question could sit for less than six hours, and, in the second question, he could sit for six hours. In both questions, the person could stand/walk for two hours, and needed to alternate positions. The VE answered that a person that can sit for less than six hours and stand for two would not be able to meet the requirement of working eight hours, that alternating positions would affect his ability to maintain quality and quantity in a sustained way, and that such a person would not be able to work any job in the national economy. The VE then answered that a person in the second hypothetical could perform sedentary work.

Although sedentary work does not require that a person be seated for six unbroken hours without shifting positions during an eight-hour work day,[4] sedentary work requires that he sit for at least six hours, and there is evidence in the record that shows that Pérez is not able to do so.

## CONCLUSION

For the foregoing reasons, the Commissioner's decision is **VACATED**, and the matter is **REMANDED** for further consideration of whether Pérez has the RFC to perform sedentary work.

---

[4] Halloran v. Barnhart, 362 F.3d 28, 33 (2d Cir. 2004).

**Pérez-Marty v. Commissioner of Social Security**                                                               Page 12
Civil No. 12-1999 (BJM)

Upon remand, the ALJ is free to consider any additional evidence deemed necessary to aid in determining whether the plaintiff is disabled. This ruling should not be considered by the parties as an opinion on the ultimate merits of plaintiff's disability claim upon remand.

    **IT IS SO ORDERED.**

    At San Juan, Puerto Rico, on this 30th day of January, 2014.

*s/Bruce J. McGiverin*
BRUCE J. McGIVERIN
United States Magistrate Judge